IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CRYPTON FUTURE MEDIA, INC.,<br><br>                    Plaintiff,<br><br>        v.<br><br>HOLOGRAM USA, INC., MUSION DAS<br>HOLOGRAM LIMITED, and UWE<br>MAASS,<br><br>                Defendants. | C.A. No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Crypton Future Media, Inc., demands a trial by jury on all issues so triable and, for its Complaint against Defendants Hologram USA, Inc., Musion Das Hologram Limited, and Uwe Maass, alleges as follows:

## THE PARTIES

1.      Plaintiff Crypton Future Media, Inc. ("Crypton" or "Plaintiff") is a corporation organized and existing under the laws of Japan, with a principal place of business located at 11F Nihon Seimei Sapporo Bldg., 1-1 Nishi 4 Kita 3, Chuo-Ku, Sapporo 060-0003 Japan.

2.      On information and belief, Defendant Hologram USA, Inc. ("Hologram USA") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business in Beverly Hills, California.

3.     On information and belief, Defendant Musion Das Hologram Limited ("MDH") is a corporation organized and existing under the laws of the United Kingdom, having a principal place of business in London, UK.

4.     On information and belief, Defendant Uwe Maass ("Maass") is a citizen of Germany and an individual residing in Dubai, United Arab Emirates.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this patent infringement action pursuant to 28 U.S.C. §1331 and §1338, in that it involves substantial claims arising under the United States Patent Act, 35 U.S.C. § 1, *et seq.*

6.     Hologram is a Delaware corporation.  Hologram, on its website, identifies Maass and Giovanni Palma, the sole owner of MDH, as members of Hologram's management.

7.     Defendants, through counsel, sent a letter to Plaintiff (and others) demanding the Plaintiff immediately "must cease and desist from any and all infringement" of the Patents-in-Suit.  By way of this letter, Defendants, threatened to take immediate legal action unless Plaintiff complies with Defendants' demands, by no later than September 29, 2014, which demands include the cancellation of concerts currently scheduled for October 11, 12, 17 and 18, 2014, and a television appearance scheduled for October 8, 2014.  A copy of the cease and desist letter is attached as Exhibit C.

8.     Defendants, in this cease and desist letter, state that Hologram is the exclusive licensee of the patents in suit, that MDH licensed one of the Patents-In-Suit to Hologram, and that Maass had licensed the other Patent-In-Suit to Hologram.  On information and belief, Hologram acquired its exclusive license to the Patents-In-Suit following the Delaware bankruptcy of the prior licensee.

9. Defendants have demonstrated preparedness, intent, and willingness to file suit as they have followed through with respect to similar prior threats and filed patent infringement cases in at least three different jurisdictions. MDH and Maass have joined these lawsuits as co-plaintiffs, and MDH and Maass have alleged in those lawsuits that they, along with exclusive licensee Hologram, have the right to bring suit for injunctive relief and damages. Their counsel's website touts their success, in what on information and belief was a related suit, based upon the "party's refusal to voluntarily cease that infringement" after which "the firm quickly filed suit." As such, Plaintiff has a reasonable and imminent apprehension of suit.

10. There is an actual or imminent injury caused by Defendants that can be redressed by judicial relief and that is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

11. Thus, there is a case of actual controversy within this Court's jurisdiction and therefore the Court may declare the rights and other legal relations of the parties and award further relief under 28 U.S.C. § 2201 and § 2202.

12. Venue is proper in this district under 28 U.S.C. §1391(b) and (c).

## PATENTS-IN-SUIT

13. U.S. Patent No. 5,865,519 ("the '519 patent") titled "Device For Displaying Moving Images In The Background Of A Stage," was issued on February 2, 1999. A copy of the '519 Patent is attached hereto as Exhibit A.

14. U.S. Patent No. 7,883,212 ("the '212 patent"), titled "Projection Apparatus And Method For Pepper's Ghost Illusion," was issued on February 8, 2011. A copy of the '212 Patent is attached hereto as Exhibit B.

## FIRST COUNT

### (Declaratory Judgment of Non-Infringement of the '519 Patent)

15.     Plaintiff repeats and repleads each of the allegations contained above as if fully set forth at length herein.

16.     Plaintiff has not infringed and does not infringe the '519 Patent, directly or indirectly, literally or under the doctrine of equivalents.

## SECOND COUNT

### (Declaratory Judgment of Non-Infringement of the '212 Patent)

17.     Plaintiff repeats and repleads each of the allegations contained above as if fully set forth at length herein.

18.     Plaintiff has not infringed and does not infringe the '212 Patent, directly or indirectly, literally or under the doctrine of equivalents.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

WHEREFORE Plaintiff respectfully requests entry of judgment in its favor and against Defendants as follows:

    a)  declaring that the '519 Patent is not infringed by Plaintiff;

    b)  declaring that the '212 Patent is not infringed by Plaintiff;

    c)  enjoining Defendants from asserting the Patents-in-Suit against any of Plaintiff's products and/or activities;

    d)  awarding Plaintiff its costs;

    e)  awarding Plaintiff its attorneys' fees;

f)   finding that this is an exceptional case;

g)   awarding Plaintiff any other relief to which the Court deems Plaintiff is entitled.

/s/ John W. Shaw
John W. Shaw (No. 3362)
SHAW KELLER LLP
300 Delaware Ave., Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com

Marc R. Labgold, Ph.D.
Patrick J. Hoeffner
LAW OFFICES OF MARC R. LABGOLD, P.C.
12007 Sunrise Valley Drive, Suite 110
Reston, VA 20191
(703) 901-8860

Attorneys for Plaintiff

Dated: September 29, 2014