IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CRYPTON FUTURE MEDIA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 14-1247-RGA |
| | ) | |
| HOLOGRAM USA, INC., MUSION DAS | ) | |
| HOLOGRAM LIMITED, and UWE MAASS, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S EMERGENCY MOTION FOR EXTENSION OF TIME**

Plaintiff Crypton Future Media, Inc. hereby moves under Fed. R. Civ. P. 6(b)(1) and Local Rule 7.1.2 for a two week extension of the time to file and serve its answering brief opposing defendant Hologram USA, Inc.' motion to dismiss the complaint or to transfer (D.I. 10). At present the answering brief is due on Monday, December 29.[1] Plaintiff Crypton Future Media, Inc. ("Crypton") respectfully submits that good cause exists to grant this motion for multiple reasons: Crypton is a Japanese company that closes, in accord with normal Japanese business practices, from December 27 through January 3; both law firms representing plaintiff represent another client in a case pending in the Northern District of California for which a *Markman* hearing, technology tutorial and case management conference is scheduled for Monday, December 22; plaintiffs' counsel have plans for the Christmas holiday and/or Hanukkah (which runs from December 16 through December 24) and New Years.

---

[1] Although the docket indicates a due date of December 26, 2014, that date has been declared a Federal Holiday.

Defendant, in contrast, has articulated no prejudice or unfairness to the requested extension. Instead, it has stated that it would not agree to any extension because it was served with the complaint and was therefore "forced . . . to incur the expense of drafting the motion to dismiss."[2] Pursuant to L.R. 7.1.1, the undersigned counsel states that reasonable efforts have been made to resolve this motion (*see* Exhibit A).

As stated above, defendant opposes. For its motion, plaintiff waives its opening brief and states as follows:

1. On September 25, 2014, defendant Hologram USA, Inc. ("Hologram") sent a letter to Crypton and to Crypton's customers, including CBS Television Studios, Inc. ("CBS"), titled "**Notice of Infringement of U.S. Patent Nos. 5,865,519 and 7,883,212**." (D.I. 13, Exh. C (emphasis in original)). Hologram's letter demanded that Crypton ***cancel*** the performance of Hatsune Miku, an animated Japanese character owned by Crypton, scheduled for October 8, 2014, on *The Late Show with David Letterman*, and that Crypton ***cancel*** other scheduled performances of Hatsune Miku in the United States Scheduled for October 11 and 12 in Los Angeles and October 17 and 18 in New York. Hologram's letter also demanded that Crypton "preserve all evidence relating to Hatsune Miku's 'live' appearances in the United States or Canada" and threatened spoliation claims in future litigation should its demands not be met.

2. CBS and Mr. Letterman's production company, Worldwide Pants Inc. ("Worldwide"), immediately threatened to cancel *The Late Show with David Letterman* performance in light of what they recognized as Hologram's threat of litigation. In an effort to avoid cancellation of its performances and further interference with its rightful business

---

[2] It should be clear that at no time did Defendant request any extension of time to file its motion, which would have been granted as a general matter of courtesy, but especially in light of the ongoing discussions between the parties.

opportunities, Crypton filed this declaratory judgment action in Delaware, a neutral forum and corporate residence of the only US party (Hologram U.S.A., Inc.). Even so, CBS and Mr. Letterman's production company only agreed to proceed with the October 8 appearance on *The Late Show with David Letterman* if Defendants provided them a covenant not to sue. Hologram granted CBS and Worldwide the requested covenants, ***expressly excluding any covenant with respect to Crypton***. (Exh. B).

3. In an effort to mitigate the harm to its business, Counsel for Crypton initiated a process to allow *The Late Show with David Letterman* performance to proceed, taking all necessary steps to secure the approval of CBS and Worldwide for this intrusion. Hologram and Crypton entered to a confidentiality agreement, Hologram could inspect the performance. (D.I. 13, Exh. E). Notably, Hologram admitted in this agreement that its "**Notice of Infringement of U.S. Patent Nos. 5,865,519 and 7,883,212**" had no factual basis for its infringement assertions. *Id.* ("WHEREAS, Crypton has agreed to provide the information … which information is not otherwise available to or known by the Hologram Entities ….")

4. Hologram conducted its inspection of the Crypton System on October 8, 2014 during the rehearsal for *The Late Show with David Letterman* performance. Hologram insisted on further inspection of Crypton System at the October 11 performance in Los Angeles.

5. The parties then commenced negotiations to resolve Hologram's infringement allegations. As of this date, those negotiations have progressed and are near completion, but have not been finalized.

6. Hologram has moved to dismiss for lack of declaratory judgment jurisdiction. According to Hologram, its letter titled "**Notice of Infringement of U.S. Patent Nos. 5,865,519 and 7,883,212**" (D.I. 13, Exh. C) "did not rise to the level of creating a substantial controversy

3

of a sufficient immediacy and reality to warrant the issuance of a declaratory judgment" (D.I. 11 at 9) and, as a result, declaratory judgment jurisdiction does exist. Crypton respectfully disagrees.

7. Federal Rule of Civil Procedure 6(b)(1) provides that:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]

8. Under Rule 6(b)(1), "the district court is granted broad discretion to expand filing deadlines," *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995), and the courts generally grant Rule 6(b)(1) requests to extend time in the absence of bad faith or prejudice to the adverse party. *See Kuczynski v. United States*, 1996 U.S. Dist. LEXIS 8219 at *4 (E.D. Pa. June 14, 1996) (granting Rule 6(b)(1) motion after finding "no unfair[] harm [to] either party" and "no showing of bad faith on the part of plaintiff in making this request [to extend]") (citing 4A WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1165 at 475 (1987 ed.)); *Clarke v. Mitchell*, 1995 U.S. Dist. LEXIS 13579 at *6 (E.D. Pa. Sept. 15, 1995) (basing order granting Rule 6(b)(1) motion to extend time to answer in part on finding that "plaintiff will not be prejudiced by such an extension"); *see generally* 2 MOORE'S FEDERAL PRACTICE ¶ 6.08 at 6-83 (2d ed., rel. 110) ("Ordinarily . . . the court should be liberal in granting extensions of time before the period to act has elapsed, so long as the moving party has not been guilty of negligence or bad faith and the privilege of extensions is not abused.").

9. The requirements for an extension under Rule 6(b)(1) are clearly satisfied here. There is no bad faith. The requested extension is requested for legitimate personal and business reasons of Crypton and its counsel, as described on page 1 of this motion.

10. There is no prejudice. (*See* Exh. A (asking Hologram to explain any prejudice)). The only reason Hologram has given for its objection to the proposed extension is that the complaint was served and Hologram was accordingly "forced . . . to incur the expense of drafting the motion to dismiss." Normal litigation activity is not prejudice of the nature that warrants denial of a timely motion under Rule 6(b).

11. Finally, there is no urgency in the resolution of Hologram's motion, and Hologram has no articulated any reason to believe that a two week extension of time to respond to Hologram's motion will unduly delay resolution of Hologram's motion or cause any prejudice. In addition to the meet and confer emails, counsel called Delaware counsel for Hologram in the early afternoon on Friday, December 19, 2014, in an attempt to resolve this extension. As of the filing of this motion, this call has not been returned.

WHEREFORE, plaintiff Crypton Future Media, Inc. respectfully requests the Court to grant this motion and to enter the Order attached as Exhibit C hereto.

Respectfully submitted,

*/s/ John W. Shaw*
John W. Shaw (No. 3362)
SHAW KELLER LLP
300 Delaware Ave., Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com

Marc R. Labgold, Ph.D.
Patrick J. Hoeffner
LAW OFFICES OF MARC R. LABGOLD, P.C.
12007 Sunrise Valley Drive, Suite 110
Reston, VA 20191
(703) 901-8860

Dated: December 22, 2014     *Attorneys for Plaintiff*